IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                      No. 4:04CR00010 GH
                                        [No. 4:05CV01323 GH]

SCOTTY RIDLEY                                                                           DEFENDANT

## ORDER

On July 12, 2004, defendant entered a guilty plea, pursuant to a plea agreement, to Count 1 of the indictment for distributing five or more grams of crack cocaine. He was sentenced on October 13, 2004, to 120 months in the Bureau of Prisons with a 5-year period of supervised release to follow. Counts 2 and 3 were dismissed on the motion of the government. The judgment and commitment were filed on October 20, 2004, and entered on the docket on October 21, 2004.

On September 23, 2005, defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. §2255 on the grounds of ineffective assistance of counsel due to his counsel allowing his Fifth Amendment rights to be violated by entering into a plea agreement when all the relevant facts concerning defendant's sentencing exposure had not been revealed or stated; due to his counsel allowing defendant's Fifth and Sixth Amendments rights to be violated by failing to challenge the illegal priors creating an erroneous criminal history category of IV; and due to counsel allowing defendant's Sixth Amendment rights to be violated by failing to challenge and preserve by objection the illegal mandatory minimum sentence imposed.

Defendant argues that he was led to believe that the totality of this culpability would be based on pleading to Count 1 only which would hold him responsible for the distribution of five grams of cocaine base with a total sentence exposure of 63 months and that his attorney never revealed that defendant was facing a mandatory minimum of 120 months.  He continues that his attorney failed to object to the alleged priors used in the criminal calculations to add two points placing him in  a Criminal History Category IV rather than III.  Defendant also asserts that his sentencing exposure should have been capped at 110 months, but he was given a mandatory minimum sentence of 120 months due the illegal mandatory minimum provisions of the Federal Guidelines which his counsel failed to voice an objection especially as related to drug quantity and criminal history category.  He contends that his sentence should be reduced to 63 months.

The government responded on November 23rd.  It reviews the procedural history of the case including the government's filing of a notice of intention to seek statutory enhancement pursuant to 21 U.S.C. §851 invoking a statutory minimum sentence of ten years in prison due to a previous 1993 drug trafficking conviction and that the July 12, 2004 plea agreement expressly stated that defendant was facing an enhanced statutory minimum mandatory sentence of not less than 10 years imprisonment and that the Federal Sentencing Guidelines would be controlling.  The government continues that while the guidelines provided for a minimum of 110 months incarceration and a maximum of 125 months for a net offense level of 27 and a criminal history of IV, the guidelines were not applied because of the 120-months minimum statutory provision for this offense.

The government reviews the record including the plea agreement bearing defendant's signature stipulating that he was facing an enhanced minimum mandatory sentence of not less than ten years imprisonment; that he had read the agreement and reviewed every part with his attorney

and understood and voluntarily agreed to the terms of the agreement; and that his attorney also acknowledged discussing every part of the agreement with defendant so that defendant's decision to enter into the agreement was an informed and voluntary decision. It also references the change of plea transcript where defendant stated that the minimum sentence would be eight to ten years just seconds after counsel for the government had announced that the minimum sentence would be ten years and up to a possible life and then defendant's counsel affirming that he had discussed it with defendant. Turning to the alleged prior convictions that were unsubstantiated, the government points out that defendant's sentence was not enhanced because he was allegedly involved in the past battery offenses but because he was in fact involved in the past drug trafficking offense so any objection made by his counsel regarding those items raised by defendant would have been irrelevant because they had no effect on his sentence exposure which was required under the statute. Finally, the government again points out that <u>Blakely</u> does not apply since the sentence was enhanced only because of his prior conviction and at the base minimum of the statutory range.

      The Court finds that the government's excellent response refutes the three claims raised by the §2255 motion. As the government has detailed, defendant voluntarily and knowingly signed the plea agreement which included the stipulations that the parties agreed to recommend that the Court adopt an amount of not less than 35 grams nor more than 50 grams of cocaine base for all sentencing purposes including relevant conduct and that defendant was facing an enhanced <u>statutory</u> minimum mandatory sentence of not less than 10 years imprisonment. These undisputed facts are again reflected in the transcript of the change of plea. Quite simply, the undisputed facts show that defendant's counsel did not render ineffective assistance of counsel as his conduct did not fall below

the reasonable, objective <u>Strickland</u> standard much less that defendant was prejudiced since even now he wishes to retain the guilty plea but at a reduced sentence.

Accordingly, defendant's September 23rd motion (#51) to vacate, set aside, or correct sentence under 28 U.S.C. §2255 is hereby denied.

IT IS SO ORDERED this 9th day of December, 2005.

                                            */s/ George Howard, Jr.*
                                            UNITED STATES DISTRICT JUDGE